[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10762
Non-Argument Calendar

_____

Agency No. A087-342-641

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2012
JOHN LEY
CLERK

LUIS GUILLERMO PIESCHACON QUIJANO,
MARIA CECILIA PARRA LOPEZ,
GABRIELA PIESCHACON PARRA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 12, 2012)

Before PRYOR, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Luis Guillermo Pieschacon Quijano ("Pieschacon"), his wife Maria Cecilia Parra Lopez, and his daughter Gabriela Pieschacon Parra appeal pro se from the Board of Immigration Appeals's ("BIA") final order denying Pieschacon's application for asylum under 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). Pieschacon claims that, if deported to his native Colombia, he would face persecution by the Revolutionary Armed Forces of Colombia ("FARC") on account of his past anti-guerrilla political activism and neo-liberal political beliefs.

On appeal, Pieschacon not only challenges the merits of the BIA's decision regarding the timeliness of his application and his eligibility for asylum. But he also claims the BIA ignored his two arguments for why his due process rights were violated during the removal proceedings. We hold that the BIA properly rejected the first of these due process arguments, alleging bias in the way the Immigration Judge ("IJ") conducted the proceedings. However, upon review of the record and after careful consideration of the parties' briefs, we conclude that the BIA erred by failing to address Pieschacon's other due process claim, specifically, that his former counsel rendered ineffective assistance. As a result,

2

we are unable to review this issue properly. And in light of the reasonable possibility that Pieschacon was substantially prejudiced by the ineffective assistance of his former counsel, we remand for further proceedings.

I.

This court reviews only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review constitutional challenges, including alleged due process violations, de novo. Lapaix v. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010).

"Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings." Id. "In order to establish a due process violation, an alien must show that he was deprived of liberty without due process of law, and that the asserted error caused him substantial prejudice." Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003) (citations omitted). "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." Lapaix, 605 F.3d at 1143.

Pieschacon contends that his due process rights were violated because the IJ conducted the proceedings in a biased manner. He asserts that the IJ exhibited

3

bias by ignoring record evidence and basing his adverse-credibility determination on selective excerpts from the record, as well as by his allegedly "intimidating," "hostile," and "sarcastic" conduct during the hearing.

However, because the record reflects that Pieschacon was given a full opportunity to testify and be heard on his claims for relief, we hold that his due process rights were not violated during his removal hearing. Pieschacon had multiple opportunities to challenge the charges against him, present evidence and argue his case, and appeal the final adverse immigration determination. Also, many of the comments and instructions that Pieschacon refers to, including the IJ's request that he shorten the addendum to his application, provide details about the exhibits that he submitted, and confine his answers to his attorney's questions, appear to have been aimed at focusing the proceedings and excluding irrelevant or unreliable evidence. Pieschacon has not shown that this conduct substantially prejudiced him. Beyond this, we have found no evidence that the IJ excluded Pieschacon from testifying about claims that he raised in his asylum application.

The IJ's questions about whether Pieschacon needed to be a U.S. citizen in order to obtain a real estate license and about his knowledge of § 245(i) may have been unnecessary. Nonetheless, this conduct falls short of demonstrating that the IJ was biased against Pieschacon. Thus, because Pieschacon was given an

opportunity to be heard in his removal proceedings, and because there is an insufficient basis to conclude that the IJ's conduct substantially prejudiced him, we hold that the IJ's conduct did not violate Pieschacon's due process rights. See id.

## II.

Stemming from their right to a fundamentally fair hearing under the due process clause of the Fifth Amendment, aliens have a right to effective assistance of counsel in civil deportation proceedings. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. 2005). "To establish the ineffective assistance of counsel in the context of a deportation hearing, an alien must establish that his or her counsel's performance was deficient to the point that it impinged the fundamental fairness of the hearing." Ali v. U.S. Att'y Gen., 643 F.3d 1324, 1329 (11th Cir. 2011) (quotation marks and alterations omitted). The alien must also establish prejudice, which "exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Id. (quoting Dakane, 399 F.3d at 1274).

The record reflects that Pieschacon, proceeding pro se, adequately raised a claim before the BIA that his attorney rendered ineffective assistance during his

5

removal proceedings. Specifically, in his brief appealing the IJ's decision, Pieschacon asserted that he "did not have a good defense by [his] lawyer, because [the lawyer] didn't insist to show the evidence at the hearing or the events experienced by [Pieschacon]," and that his attorney was negligent for failing to submit evidence on time. Even if the presentation of this ineffective-assistance-of-counsel claim may have lacked the clarity and depth that we typically demand, we have long embraced the principle that pro se briefs should be construed liberally. Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005) (emphasizing that "we must construe" the ineffective-assistance-of-counsel pleadings of a pro se petitioner "liberally"); Lorisme v. INS, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997) ("We read liberally briefs filed pro se."). We therefore recognize that Pieschacon raised an ineffective-assistance-of-counsel claim before the BIA that merited its "reasoned consideration." Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010).

Yet, the BIA's decision did not even address Pieschacon's ineffective-assistance-of-counsel claim, let alone give the claim "reasoned consideration." As a result, we are unable to review this issue. See id. (explaining that when the BIA "has failed to give reasoned consideration or make adequate findings" in addressing a petitioner's claims, "we are unable to review the decision"). We

recognize that the BIA is not required to specifically address each claim that a petitioner makes or each piece of evidence that a petitioner presents, provided that it has considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has "heard and thought and not merely reacted." Id. (quoting Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006)). But, in this case, there is simply no evidence that the BIA ever reviewed the issue.

Were it clear that Pieschacon had not suffered any prejudice as a result of the alleged ineffective assistance of his former counsel, we might set this due process claim aside and proceed to consider Pieschacon's remaining claims. Cf. Dakane, 399 F.3d at 1275 (affirming the BIA's denial of petitioner's motion to reopen based on ineffective assistance of counsel because that motion failed to address how non-deficient assistance would have changed the BIA's removal proceeding). But in rejecting Pieschacon's arguments regarding the timeliness of his application and his eligibility for asylum, the BIA specifically pointed to the insufficiently detailed nature of Pieschacon's testimony, the failure to adequately substantiate the evidence and connect it to Pieschacon's claims, and the failure to provide sufficient corroborative evidence. These are all precisely the issues that would be expected to arise if Pieschacon's allegations of ineffective assistance of

counsel were true—that is, if counsel had failed to prepare for the case, failed to elicit relevant facts from Pieschacon's testimony, and failed to submit key evidence to the court in a timely manner. This indicates "there is a reasonable possibility that but for the attorney's error, the outcome of the proceedings would have been different." Id. at 1274. In light of the fact that the BIA has yet to review this critical issue, we follow the Supreme Court's direction in concluding that "the proper course . . . is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16, 123 S. Ct. 353, 355 (2002).

The government urges us in a footnote to set aside this issue because Pieschacon has not complied with the requirements that the BIA adopted in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), for making out an ineffective-assistance-of-counsel claim. However, as we emphasized above, the BIA's decision did not address the ineffective-assistance-of-counsel claim, let alone Pieschacon's compliance with the BIA's decision in Lozada. Remand thus enables the BIA to apply its institutional expertise and, if necessary, to clarify whether Pieschacon met the requirements set forth in Lozada.[1]

---

[1] We note that Calle v. U.S. Att'y Gen., 504 F.3d 1324 (11th Cir. 2007), has recognized an exception to the ordinary remand rule in "rare circumstances" where the undecided question involves a purely legal issue that is procedural in nature. Id. at 1330. However, the government neither references Calle in its brief nor discusses whether the Lozada requirements are so non-factual and procedural in nature that Calle would even control. For these reasons, we do not consider here the scope of Calle or whether it applies to the Lozada requirements.

8

We therefore remand the case for further proceedings consistent with this opinion. In doing so, we decline to address at this time Pieschacon's other claims regarding the timeliness of his application, his eligibility for asylum and withholding of removal, and the BIA's adverse-credibility finding.

**PETITION DENIED IN PART, GRANTED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**