[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2011
JOHN LEY
CLERK

No. 10-11290
_____

Agency No. A075-977-673

SALIM MOHAMMED ALI,

                                                    Petitioner,

    versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 22, 2011)

Before PRYOR and COX, Circuit Judges, and PANNELL,* District Judge.

PRYOR, Circuit Judge:

    The issue presented by this petition for review is whether an attorney

_____

    *Honorable Charles A. Pannell, Jr., United States District Judge for the Northern District
of Georgia, sitting by designation.

rendered ineffective assistance when he conceded, at a second removal hearing, that Salim Mohammed Ali had sought to procure an immigration benefit through willful misrepresentation of a material fact in violation of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(6)(C)(i), 1227(a)(1)(A). In 1998, Ali had stated falsely on his application for permanent residence or adjustment of status that he had never been arrested or indicted. In fact, Ali had been arrested, indicted, and convicted of child molestation. At his first removal hearing, Ali did not contest his misrepresentation. The Board affirmed an order for Ali's removal, and we denied Ali's petition for review, Ali v. U.S. Att'y Gen., 443 F.3d 804 (11th Cir. 2006). After Ali produced a certified copy of a pardon for his conviction of child molestation, the Board reopened Ali's proceedings and ordered a second removal hearing. At that hearing, Ali testified, consistent with his concession at the first hearing, that his earlier denial of an arrest or indictment had been false. Ali expressed remorse and requested a discretionary waiver. After the immigration judge denied Ali's request for discretionary relief and ordered Ali's removal, Ali contended on appeal that his counsel at the second removal hearing had rendered ineffective assistance by conceding his earlier misrepresentation. Ali also argued that he had lied at his second hearing about his earlier lie on his application. Ali would have done well to learn from Sir Walter Scott who

2

famously wrote, "O, what a tangled web we weave, [w]hen first we practise to deceive!"  Sir Walter Scott, Marmion: A Tale of Flodden Field in Six Cantos 177 (Thomas Bayne ed., Forgotten Books 2008) (1808).  Because we conclude that substantial evidence supports the finding by the Board of Immigration Appeals that the attorney's decision to concede removability was a reasonable strategic decision, we deny Ali's petition for review.

## I. BACKGROUND

In July 1991, Ali, a native and citizen of Pakistan, entered the United States as a non-immigrant visitor, and less than two years later, a grand jury in the Superior Court of Clayton County, Georgia, indicted Ali on two counts of child molestation.  Ali pleaded guilty and was sentenced to five years of probation.  The superior court granted Ali's petition for discharge under the First Offender Act of Georgia, Ga. Code Ann. § 42-8-60, and ordered that "[u]pon fulfillment of the terms of this sentence . . . the defendant shall stand discharged of said offense without court adjudication of guilt and shall be completely exonerated of guilt."

Ali filed an application for permanent residence or adjustment of status in October 1998 and answered "No" in response to the question whether he had ever been "arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations."  In May 2002, the

Immigration and Naturalization Service issued to Ali a notice to appear at a removal hearing on the charge that he was removable under section 237(a)(2)(A)(iii) of the Immigration Act as an alien convicted of an aggravated felony, 8 U.S.C. §§ 1101 (a)(43)(A), 1227(a)(2)(A)(iii).  In July 2002, Ali appeared before the immigration judge and conceded that he was removable as charged in the notice to appear, but he applied for relief from removal under the Convention Against Torture.  The immigration judge continued the hearing to give Ali more time to prepare his application for relief under the Convention.

The Service filed additional charges against Ali under section 237(a)(1)(A) of the Immigration Act as an alien who had been convicted of a crime involving moral turpitude, id. §§ 1182(a)(2)(A)(i)(I), 1227(a)(1)(A), and as an alien who sought to procure an immigration benefit by willfully misrepresenting a material fact, id. §§ 1182(a)(6)(C)(i), 1227(a)(1)(A).  Ali appeared and again conceded removability based on both the earlier charge and the recently added charges.  The immigration judge denied Ali's application for protection under the Convention and ordered him removed to Pakistan.  The Board dismissed Ali's appeal because he was ineligible for withholding of removal under the Convention and, alternatively, Ali had failed to establish that it was more likely than not that he would be tortured if he were removed to Pakistan.

4

In October 2003, Ali filed an extraordinary motion for a new trial in the Georgia court and argued that, when he had pleaded guilty to child molestation, he had thought that his plea would mean that he would have "no criminal record, either in the eyes of the State of Georgia or in the eyes of the government of the United States." The Georgia court granted Ali's motion and later granted the motion of the district attorney to nolle prosse the molestation charges because of "the circumstances of the case, the age of the case, the status of the defendant, and the total implications of a retrial."

Ali filed with the Board a motion to reopen his removal proceedings. The Board denied the motion because Ali had failed to establish by sufficient evidence that he no longer had a conviction for immigration purposes. The Board also reasoned that, even if Ali had presented sufficient evidence of pardon, he would nonetheless be removable because of the misrepresentation on his application for permanent residence or adjustment of status.

We denied Ali's petition for review and held that the Board did not abuse its discretion when it denied Ali's motion to reopen the removal proceedings. Ali, 443 F.3d at 814. We agreed with the Board that, even if Ali had presented sufficient evidence that he no longer had a conviction, he was nonetheless removable "as an 'alien who, by fraud or willfully misrepresenting a material fact,'

5

sought to procure an immigration benefit." Id. at 812 (quoting 8 U.S.C. § 1182(a)(6)(C)(i)). We reasoned that, "[a]lthough Ali now denies that his misrepresentation was willful, he conceded as much at his removal hearing." Id.

In September 2006, Ali, represented by new counsel, Socheat Chea, filed with the Board another motion to reopen Ali's removal proceedings and submitted a certified copy of a pardon of Ali by the State of Georgia. Ali did not contest the charge of willful misrepresentation, but instead argued that he was eligible for discretionary relief from removal under section 237(a)(1)(H) of the Immigration Act, 8 U.S.C. § 1227(a)(1)(H). The Board granted Ali's motion and concluded that the pardon "waive[d] his removability as an alien convicted of an aggravated felony." The Board also "recognize[d] that [Ali] was also found removable under section 237(a)(1)(A) of the Act . . . . However, in light of his unconditional pardon, [Ali] now seeks the opportunity to challenge those charges of removability and to apply for relief from removal." The Board remanded the case to the immigration judge for further proceedings.

In May 2008, Ali, represented by Chea, appeared before the immigration judge. At the commencement of the hearing, the government withdrew the charges of removal based on an aggravated felony. Chea conceded that Ali was removable under section 237(a)(1)(A) of the Immigration Act for the willful

6

misrepresentation, 8 U.S.C. §§ 1182(a)(6)(C)(i), 1227(a)(1)(A). Chea informed the immigration judge that Ali would not seek relief under the Convention, but instead he would seek only discretionary relief from removal under section 237(a)(1)(H) of the Immigration Act, 8 U.S.C. § 1227(a)(1)(H).

At the new removal hearing before the immigration judge, Chea asked Ali whether he had been truthful in his application for permanent residence or adjustment of status, and Ali admitted that he had not been truthful "[a]bout the arrest issue. There, there was a question there which clearly asks have you been arrested. . . . I replied that I was not arrested." Chea asked Ali what he had learned, and Ali responded, "I have learned from that incident that, number one never to lie and number two be truthful about everything and you know, always take two consultations for anything that you need to put on paper you need to take two consultations. I learned one thing very important that, you know, not to make a mistake again." Chea asked, "What mistake is that?" and Ali responded, "Mistake of putting anything, falsifying anything."

Near the end of the hearing, the immigration judge observed that Ali's "[i]mmigration history is fraught with misrepresentations . . . before the Court, before the U.S. Counselor Embassy, at the port of entry, . . . on the [application for permanent residence or adjustment of status,] and before [the immigration judge]

7

at a prior hearing." In response, Ali asked the immigration judge to be lenient and expressed remorse: "I have, I admit I have done wrong, I admit to the fact that I have lied on that application, I admit to all the allegations that [have] been given to me. All I am seeking is mercy and forgiveness."

In July 2008, Ali hired his third attorney, Matthew Weber, who filed a motion to withdraw Chea's concession of removability. In August 2008, the immigration judge issued a written decision and ruled that Ali was removable under section 237(a)(1)(A) of the Immigration Act for procuring admission to the United States by fraud or willful misrepresentation, 8 U.S.C. §§ 1182(a)(6)(C)(i), 1227(a)(1)(A). The immigration judge questioned Ali's sincerity and credibility and concluded that, under the totality of the circumstances, Ali was undeserving of discretionary waiver of removal. The immigration judge ordered Ali removed to Pakistan.

Ali took to heart the adage "if at first you don't succeed, try, try again," and again appealed to the Board in January 2009. Ali argued that the immigration judge had clearly erred when he ordered Ali's removal. Ali later also filed a motion to remand and terminate proceedings due to ineffective assistance of counsel. Ali argued that Chea had rendered ineffective assistance when he had conceded that Ali's misrepresentation on the application for permanent residence

or adjustment of status was willful. Ali argued that, if Chea had not made that concession, the government would have been unable to prove that Ali had been removable. Ali attached to his motion a letter from Chea responding to the accusations of ineffective assistance. In the letter, Chea explained that he had conceded that Ali was removable for the willful misrepresentation charge because "it is clear that the pardon does not defeat the fraud charge because the fact is that the arrest, plea and probation were not disclosed on [the application for permanent residence or adjustment of status]." Chea also explained that Ali's previous attorney had already conceded that Ali was removable for the willful misrepresentation when Ali sought relief under the Convention at the first removal hearing.

The Board affirmed the decision of the immigration judge and dismissed Ali's appeal. The Board explained that, besides Chea's concession before the immigration judge, Ali had testified and had "admitted that he made several misrepresentations, and that he [had] lied on the . . . adjustment of status application." The Board concluded that Chea had made a strategic decision not to contest the misrepresentation charges and had not rendered ineffective assistance. The Board explained, "Perhaps the respondent and counsel concluded that the chance of success on the waiver would be improved if they did not contest

removability. The precise strategic reason is not important. What is significant is that the respondent had the opportunity to contest the charge and he did not."

## II. STANDARD OF REVIEW

Two standards govern our review of this petition. We construe a motion to remand that seeks to introduce new evidence as a motion to reopen, Chacku v. U.S. Att'y Gen., 555 F.3d 1281, 1286 (11th Cir. 2008), and we review the denial of a motion to reopen for an abuse of discretion, Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). "Factual determinations are reviewed under the substantial evidence test." Diallo v. U.S. Att'y Gen., 596 F.3d 1329, 1332 (11th Cir. 2010). "Under the substantial evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). "[E]ven if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." Id. at 1029.

## III. DISCUSSION

"[T]o establish the ineffective assistance of counsel in the context of a deportation hearing, an alien must establish that his or her counsel's performance was deficient to the point that it impinged the 'fundamental fairness' of the

10

hearing." Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999) (quoting Barthold v. INS, 517 F.2d 689, 691 (5th Cir. 1975)). Ali must also establish prejudice, which "exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2005).

Ali argues that Chea's performance was deficient because Chea conceded that Ali was removable as an alien who sought to procure an immigration benefit by willfully misrepresenting a material fact, 8 U.S.C. §§ 1182(a)(6)(C)(i), 1227(a)(1)(A), but we disagree. Substantial evidence supports the finding by the Board that Chea made a reasonable strategic decision when he conceded removability for Ali's misrepresentation. The Board reasoned that its earlier order "made clear that [Ali] could contest removability under section 237(a)(1)(A) of the Act, but [Ali], represented by counsel, elected not to do so." An attorney does not render ineffective assistance when he declines to make an argument that the attorney "reasonably believed was . . . doomed to fail." Knowles v. Mirzayance, 556 U.S. --, --, 129 S. Ct. 1411, 1420 (2009). The Supreme Court "has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success," id., nor is an attorney "required to have a

11

tactical reason—above and beyond a reasonable appraisal of a claim's dismal prospects for success—for recommending that a weak claim be dropped altogether," id. at --, 129 S. Ct. at 1422.

Any challenge Ali could have made to his removability based on the misrepresentation charge would have been futile. This Court had already ruled that Ali was removable for a willful misrepresentation, Ali, 443 F.3d at 812, and the attorney who had represented Ali at his first hearing had conceded that Ali was removable for the charge of misrepresentation. Moreover, at his second removal hearing, Ali freely admitted that he had not been truthful "about the arrest issue" on the application for permanent residence or adjustment of status. Ali admitted that it was "completely wrong to hide something that actually occurred." Ali stated that he "ha[d] learned . . . never to lie" and to never make the mistake of "falsifying anything." Ali "admit[ted] to the fact that [he] ha[d] lied on th[e] application" and said, "I admit to all the allegations that ha[ve] been given to me."

Ali now argues that his testimony before the immigration judge should be stricken, but he cites no authority that would allow this Court to strike his testimony from the record. Ali's pattern of lies has forced him to take a position that lacks any legal support. In essence, Ali now asserts that he lied to the immigration judge when he testified that he had lied on the application. But the

12

problem with that assertion is that Ali's earlier concessions about the misrepresentation on his application support the decision of the Board.

Chea's strategic decision to concede Ali's removability was reasonable. Although Ali was removable for his earlier misrepresentation, he was still eligible for discretionary waiver of removability under section 237(a)(1)(H) of the Immigration Act, 8 U.S.C. § 1227(a)(1)(H). As the Board observed, "[p]erhaps [Ali] and counsel concluded that the chance of success on the waiver would be improved if they did not contest removability." In the light of the record, which included Ali's earlier concessions, Chea could have reasonably concluded that Ali's best chance to avoid removal was to express remorse about the misrepresentation with the hope that the immigration judge would look more favorably on his request for discretionary relief. That the strategy did not work does not mean that it was unreasonable.

Ali argues that Chea's decision not to contest Ali's removability was not a strategic decision, but substantial evidence supports the contrary finding by the Board. Ali contends that the letter from Chea proves that Chea thought that the remand from the Board did not permit Ali to challenge removability under section 237(a)(1)(A) of the Act. Chea stated in his letter that Ali was able to challenge removability on remand to the immigration judge, but "this only deals with the

aggravated felony charge[] because the pardon vitiates this charge. However, it is clear that the pardon does not defeat the fraud charge because the fact is that the arrest, plea[,] and probation were not disclosed on [Ali's application]." Chea's letter also explained that "[t]he charge of removability [for] fraud or willful misrepresentation of fact was decided many years ago" because Ali's former attorney "admitted the allegations on behalf of Mr. Ali" and sought protection from removal under the Convention. The Board reasonably construed Chea's letter to explain that any challenge to the earlier concession of misrepresentation would have been futile. See Adefemi, 386 F.3d at 1029.

Even if we were to accept Ali's argument that Chea rendered deficient performance when he conceded that Ali was removable, Ali would not be able to prove prejudice. There is no "reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Dakane, 399 F.3d at 1274. In the light of this record, any effort by Ali to contest that he was removable for willful misrepresentation would have failed.

## IV. CONCLUSION

Ali's petition for review is **DENIED**.

14