[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10217
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2011
JOHN LEY
CLERK

Agency No. A087-931-342

ZHI GUI LI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 4, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Zhi Gui Li is a Chinese national who applied for asylum and withholding of

removal under the Immigration and Nationality Act (INA) and United Nations

Convention Against Torture (CAT) because of his opposition to China's family

planning policies. An immigration judge (IJ) denied Li's application after determining that Li was not a credible witness. Li appealed to the Board of Immigration Appeals (BIA) and argued that the IJ's adverse-credibility finding was incorrect. Li also asked that the BIA remand the case to the IJ so that she could consider new evidence. The BIA agreed with the IJ's adverse-credibility finding and affirmed the IJ. The BIA also refused to remand the case because it determined that Li's "new" evidence had been available at the time of his hearing. Li now petitions for review. Because we conclude that the BIA's adverse-credibility finding was supported by substantial evidence and that it did not abuse its discretion in refusing to remand Li's case, we deny his petition.[1]

## I.

In his asylum application, Li contended that he was persecuted for his opposition to China's family planning policies. Li claimed that his wife, with whom he has a son, was forced to undergo an abortion after she got pregnant for a second time. After the abortion, Li's wife became pregnant again and went into hiding. Shortly thereafter, Li was approached by family planning officials who were looking for his wife. When he refused to divulge her whereabouts, the

---

[1] Because the BIA did not address the merits of Li's asylum and withholding-of-removal claims, we cannot address those arguments in Li's petition. *Chen v. Att'y Gen.*, 463 F.3d 1228, 1231 n.4 (11th Cir. 2006).

officials detained him for at least 20 days. During his detention, Li claims the officials beat him. At some point in his detention, Li was visited by his brother, who was concerned that Li's wounds might get infected if remained in detention. So his brother returned the night after their meeting, and cut the lock off Li's cell. Li then used a ladder to scale a wall in the complex and escape.

The IJ determined that Li was not a credible witness, and thus denied his application. In making the adverse credibility determination, the IJ cited several inconsistencies between Li's asylum application, his statements before the hearing officer, and his testimony before the IJ. Last, the IJ also found certain parts of Li's claim implausible, especially his account of his escape.

In its decision, the BIA noted that the IJ's adverse-credibility determination was based on the implausibilities in Li's application, as well as the inconsistencies between his application and later statements.

## II.

When the BIA issues its own opinion, as is the case here, we review only that opinion. *Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1344 (11th Cir. 2008). We review any legal conclusions made by the BIA *de novo*, but we may not reject its factual findings unless they are so unsupported by evidence that the

3

record compels it. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350–51 (11th Cir. 2009).

## III.

The INA allows the Attorney General to grant asylum to any alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A). Similarly, to qualify for withholding of removal, an alien must establish that upon return to his home country it is more likely than not that his life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005). If an alien cannot meet the standard for asylum, he is usually unable to meet the "more stringent" withholding-of-removal standard. *Id.* at 1232–33.

An alien's credible testimony may by itself establish that he is entitled to relief. *Niftaliev v. U.S. Att'y Gen.*, 504 F.3d 1211, 1217 (11th Cir. 2007). But an alien whose testimony is incredible may be denied relief if his application is unsupported by corroborating evidence. *Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1332 (11th Cir. 2011). Under the REAL ID Act, an IJ may make an

adverse-credibility finding based on, among other things, the implausibility of the applicant's account or any inconsistencies between the applicant's oral statements and written application. *Id.* at 1331–32. We have noted that credible testimony is marked by "consistency on direct examination, consistency with the written application, and the absence of embellishments." *Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1049 (11th Cir. 2009).

To overturn an adverse-credibility finding, a petitioner must show that the BIA's finding "was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). Under this test, we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id*. at 1286. And, like any other factual finding, a credibility determination "may not be overturned unless the record compels it." *Id*. at 1287.

Here we conclude that the BIA's adverse-credibility finding was supported by substantial evidence. The BIA offered specific and cogent reasons for its finding, pointing to, among other things, the inconsistency between Li's claimed length of detention on his application and in his oral statements before the hearing officer and the IJ. The BIA also cited to the IJ's finding that Li's account of his escape was implausible. In his petition, Li argues that the IJ's implausibility

5

finding on this point was speculative. But Li points to nothing in the record that compels a finding otherwise.

Though the BIA cited several reasons for its adverse-credibility finding, we need not discuss them, as its determination that Li's account of his escape from the detention facility was implausible is substantial evidence to support its adverse-credibility finding and Li has not demonstrated that the record compels that we reverse the board's decision. Because we conclude that substantial evidence supported the BIA's adverse-credibility finding and thus the decision to deny Li asylum, we also conclude substantial evidence supports the board's decision that he was unable to meet the more stringent standard for withholding of removal. *Sepulveda*, 401 F.3d at 1232.

## IV.

We now address Li's claim that the BIA abused its discretion in denying his motion to remand. We construe motions to remand based on new evidence as motions to reopen, which we review for abuse of discretion. *Ali v. U.S. Att'y Gen.*, 643 F.3d 1324, 1329 (11th Cir. 2011). And we will only find that the BIA has abused its discretion if its decision was arbitrary or capricious. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). When an applicant seeks to reopen his removal proceedings based on new evidence, he must show that the evidence is

6

both material and was either unavailable or could not have been discovered or presented at the prior hearing. 8 C.F.R. § 1003.2(c)(1).

To support his motion to reopen, Li submitted a psychological evaluation that was conducted after his hearing and established that he suffered from post-traumatic stress disorder (PTSD), as well as several articles on Chinese herbal medicine and the Chinese residential permitting system. The BIA concluded that Li had failed to establish that he was unable to obtain a psychological evaluation before his hearing, and that none of the articles he submitted contained dates of publication indicating that they had been unavailable at the time of the hearing, although one indicated it had been last updated after the hearing.

In his petition, Li argues that he was suffering from a mental breakdown during the hearing, and thus it was unclear that he needed to present a psychological evaluation until afterward. But as the report itself indicated, Li's PTSD was attributable to events that occurred before the hearing, and thus he could have been diagnosed beforehand. Likewise, in his petition for review, Li admits that it was only after the hearing that he realized the IJ might not have be familiar with Chinese herbal medicine—Li's testimony about his wife's herbal medicine use was another basis for the IJ's adverse-credibility finding—and thus would have benefitted from an article on the subject. That too fails to establish

7

that the article was unavailable or could not have been presented at Li's hearing. We therefore conclude that the BIA did not abuse its discretion in denying Li's motion to reopen.

**PETITION DENIED.**