[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 11-10077; 11-14209
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2012
JOHN LEY
CLERK

Agency No. A094-783-253

TATIANA URIEVNA DERYABINA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____

(May 25, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Tatiana Urievna Deryabina, a native and citizen of Russia, petitions for review of the decisions of the Board of Immigration Appeals to treat as abandoned Deryabina's application for asylum under the Immigration and Nationality Act, 8 U.S.C. § 1158, and to deny Deryabina's motion to reopen, id. § 1229a(c)(7). The Board agreed with the finding of the immigration judge that Deryabina abandoned her application for asylum by failing to file her fingerprint notice. We deny Deryabina's petitions.

Immigration judges may dismiss applications for relief from removal if applicants fail to comply with requirements to submit biometrical information. 8 C.F.R. §§ 1003.47(c), 1208.10. Under Section 1003.47(c), the "[f]ailure to file necessary documentation and comply with the requirements to provide biometrics . . . in conformity with the applicable regulations, the instructions to the applications, the biometrics notice, and instructions provided by [the Department of Homeland Security], within the time allowed . . . constitutes abandonment of the application." Section 1003.47(c) directs that "the immigration judge may enter an appropriate order dismissing the application," but the provision permits the judge to reinstate the application if "the applicant demonstrates that [the] failure [to file the notice] was the result of good cause." Id.; see id. § 1208.10 ("Failure to comply with processing requirements for biometrics . . . within the time allowed

2

will result in dismissal of the application, unless the applicant demonstrates that such failure was the result of good cause."); see also id. § 1208.14(a) ("In no case shall an immigration judge grant asylum without compliance with the requirements of [section] 1003.47 concerning identity, law enforcement, or security investigations or examinations.").

Substantial evidence supports the decision of the Board that Deryabina abandoned her application for asylum. During the initial removal hearing, the immigration judge instructed Deryabina to "get your fingerprints done for this application by the date on [the] notice" provided by the Department. The immigration judge stressed that it was "very, very important to get the fingerprints done," and the immigration judge warned Deryabina that, "[i]f you do not get your fingerprints done, the application is abandoned." Deryabina failed to file the fingerprint notice and, when she appeared before the immigration judge more than a year later, she argued that she had "no recollection of getting the actual notice." The immigration judge reviewed the audio recording of the initial removal hearing and found that the Department had provided Deryabina a fingerprint notice. Deryabina did not challenge that finding. The Board was entitled to find that Deryabina had failed to provide good cause to excuse her noncompliance, see Juarez v. Holder, 599 F.3d 560, 565 (7th Cir. 2010), and to affirm the denial of

Deryabina's related request for a continuance, see 8 C.F.R. § 1003.29 (an immigration judge "may grant a motion for continuance for good cause shown").

Deryabina argues, for the first time on appeal, that the immigration judge was biased against her, but we lack jurisdiction to consider that argument. "[A]bsent a cognizable excuse or exception, 'we lack jurisdiction to consider claims that have not been raised before the [Board].'" Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (quoting Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003)).

The Board also did not abuse its discretion when it later denied Deryabina's motion to reopen. Deryabina argues that her attorney acted ineffectively by failing to remind her about the fingerprint notice, but counsel's representation was not "'deficient to the point that it impinged on the fundamental fairness'" of Deryabina's removal proceedings. Ali v. U.S. Att'y Gen., 643 F.3d 1324, 1329 (11th Cir. 2011) (quoting Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999)). The Department provided Deryabina a fingerprint notice, and she knew that she had to file it.

We **DENY** Deryabina's petitions.