[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14162
Non-Argument Calendar
_____

Agency No. A096-529-029


CARLOS ISRAEL MATA GRATEROL,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 20, 2013)

Before CARNES, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Carlos Israel Mata Graterol, a native and citizen of Venezuela, petitions for review of the decision of the Board of Immigration Appeals (BIA), which denied his motion to reopen his removal proceedings. In his motion to reopen before the BIA, Mata Graterol contended that his former counsel was ineffective for advising him against contesting the denial of his I-485 application for adjustment of status, and for failing to adequately prepare him for his asylum proceedings.

Following the BIA's denial of his motion, Mata Graterol petitioned for our review of the BIA's denial. In response, the government filed an unopposed motion asking that we remand the case to allow the BIA to "address the impact, if any, of relevant Eleventh Circuit legal precedent." After we granted that motion, the BIA issued another opinion, considering our relevant precedent and denying Mata Graterol's motion to reopen. Mata Graterol again petitioned for our review of the BIA's decision, similarly arguing that his counsel was ineffective for advising him against challenging the denial of his application for adjustment of status, and for failing to prepare for his asylum proceedings. After careful consideration, we affirm the BIA's denial of Mata Graterol's motion to reopen.

## I.

"We review the denial of a motion to reopen removal proceedings for abuse of discretion. To the extent that the decision of the Board was based on a legal determination, our review is de novo." Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374

2

(11th Cir. 2007) (citation omitted).  A petitioner may file a motion to reopen based on alleged ineffective assistance of counsel.  See, e.g., Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1221–22 (11th Cir. 2003).  "[T]o establish the ineffective assistance of counsel in the context of a deportation hearing, an alien must establish that [his] counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the alien was unable to reasonably present [his] case."  Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273–74 (11th Cir. 2005) (quotation marks omitted).  Mata Graterol "must also establish prejudice, which exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different."  Ali v. U.S. Att'y Gen., 643 F.3d 1324, 1329 (11th Cir. 2011) (quotation marks omitted).

## II.

First, Mata Graterol argues that his counsel was ineffective for advising him not to challenge the denial of his application for adjustment of status.  The Department of Homeland Security (DHS) denied Mata Graterol's application to adjust his status after concluding that his marriage to a Cuban citizen, who was a lawful permanent resident pursuant to the Cuban Refugee Adjustment Act, Pub. L. No. 89-732, 80 Stat. 1161 (codified as amended at 8 U.S.C. § 1255 note), was a fraudulent attempt to circumvent immigration laws.  After Mata Graterol sought

3

advice from his lawyer on contesting the denial of his application for adjustment of status, his counsel discouraged him from pursuing this course of action, and suggested instead that he seek relief under the asylum laws.  The BIA concluded this was a "reasonable tactical decision," because Mata Graterol was not living with his wife at the time, his wife was not available to provide testimony, and there was a previous finding that Mata Graterol's "marriage was entered into for the primary purpose of circumventing the immigration laws of the United States."

We agree with the BIA that Mata Graterol's attorney made a reasonable strategic decision in advising Mata Graterol not to contest the denial of his application for adjustment of status, and that Mata Graterol did not make a showing of prejudice.  This decision was reasonable for more than one reason, including DHS's several findings regarding his fraudulent marriage and the fact that Mata Graterol admitted to the Immigration Judge (IJ) that he had not lived with his wife for approximately two years.  The Cuban Refugee Adjustment Act—the basis of Mata Graterol's application to adjust his status—requires the petitioning spouse to "reside with the qualifying Cuban alien."  Gonzalez v. McNary, 980 F.2d 1418, 1420 (11th Cir. 1993).  Thus, counsel was not ineffective for advising Mata Graterol to pursue a different strategy.  See Ali, 643 F.3d at 1329 (11th Cir. 2011) ("An attorney does not render ineffective assistance when he

4

declines to make an argument that the attorney reasonably believed was . . . doomed to fail.") (quotation marks omitted).

### III.

Second, Mata Graterol contends that his counsel was ineffective because he "did not adequately assist him in preparing his case [for asylum]." He contends this poor preparation resulted in his "generalized" testimony, which the IJ concluded was not credible. However, Mata Graterol did not make a showing of prejudice because he did not identify which details or specific evidence he would have provided to the IJ if he had known to do so. Thus, Mata Graterol has not shown "that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Dakane, 399 F.3d at 1274. For this reason, we cannot conclude that counsel was ineffective.

### IV.

For these reasons, Mata Graterol's petition is **DENIED**.

5