[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15012
Non-Argument Calendar
_____

Agency No. A086-984-008


NABIN PRADHAN,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 1, 2015)

Before ED CARNES, Chief Judge, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

An immigration judge ordered Nabin Pradhan, a Nepalese citizen, removed from this country.  Pradhan appealed that order to the Board of Immigration Appeals (BIA).  After it dismissed his appeal, Pradhan hired new counsel and filed a motion asking the BIA to reopen his case.  He based that motion on ineffective assistance of counsel, asserting that his first attorney had failed to file an asylum claim and that Pradhan was now barred from filing one as a result.  See Ali v. U.S. Att'y Gen., 643 F.3d 1324, 1329 (11th Cir. 2011) (explaining the test for granting motions to reopen on ineffective assistance grounds).  The BIA denied Pradhan's motion.  He now petitions this Court for review of that denial.

The BIA gave two independent reasons for denying Pradhan's motion to reopen.  First, it held that he had failed to substantially comply with the procedural requirements for asserting ineffective assistance of counsel.  See In re Lozada, 19 I. & N. Dec. 637, 639–40 (BIA 1988); see also In re Compean, 25 I. & N. Dec. 1, 1–2 (A.G. 2009).  Second, it held that he had failed to make a prima facie showing of his entitlement to asylum.  See INS v. Abudu, 485 U.S. 94, 104, 108 S. Ct. 904, 912 (1988) (stating that the BIA may deny a motion to reopen if "the movant has not established a prima facie case for the underlying substantive relief sought").  We review the BIA's denial of Pradhan's motion to reopen only for an abuse of discretion.  Ali, 643 F.3d at 1329.

2

Pradhan devotes his entire brief to attempting to show that the BIA abused its discretion by determining that he had failed to meet the procedural requirements for motions to reopen based on ineffective assistance of counsel.  He does not mention the BIA's alternative holding — that he failed to make a prima facie showing of his entitlement to asylum — thereby abandoning any challenge to that alternative holding.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).  Because he has failed to challenge each of the independent grounds upon which the BIA based its decision, we must deny his petition for review.  Cf. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

**PETITION DENIED.**