[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15690
Non-Argument Calendar
_____

Agency No. A088-312-422


YANG CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 29, 2016)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Yang Chen, a native and citizen of China, petitions for review of a decision affirming the denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(b), 1231(b)(3). We dismiss in part and deny in part Chen's petition.

We lack jurisdiction to review three of the six arguments in Chen's petition due to his failure to exhaust those arguments. First, Chen argues that he was entitled to asylum relief based on the one-child policy in China, but the Board of Immigration Appeals ruled that he waived that argument. Chen's conclusory statements that he "fear[ed] returning to China due to his . . . violation of the one child policy" and that he "fear[ed] . . . his wife would be forced to undergo sterilization" failed to "provide information sufficient to enable the [Board] to review and correct [any] error[]" in the finding that Chen's fear of future persecution under the family planning laws was not well-founded. *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). Second, Chen argues that the government introduced an asylum officer's interview notes without proper authentication, but Chen failed to make that argument during his removal hearing or in his appeal to the Board. *See Lin v. U.S. Att'y Gen.*, 555 F.3d 1310, 1317 n.5 (11th Cir. 2009). Chen instead argued that the notes were hearsay and were

2

unreliable and that their admission violated the Confrontation Clause. Third, Chen argues that he was denied due process because the immigration judge was biased, but Chen did not present the issue of judicial bias to the Board. "[A]bsent a cognizable excuse or exception," we "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies." *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss these three parts of Chen's petition.

Chen challenges the denial of his application for asylum based on his persecution as a member of an unregistered church, but substantial evidence supports the finding that Chen was not credible. The Board and the immigration judge identified inconsistencies between Chen's application, his credible fear interview, his testimony, and his corroborating evidence that tainted his account of being arrested and beaten by local police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Chen attached to his application a warrant that stated he had been arrested by Chinese officials on December 30, 2005, but Chen told an asylum officer and testified during his removal hearing that he was arrested on December 24, 2005. Chen stated in his application and to the asylum officer that he was beaten after his second interrogation on December 29, 2005, but Chen stated in a letter supporting his application that he was beaten after his first interrogation on December 24, 2005. Notably, Chen's uncle did not mention the beating in his letter chronicling

3

Chen's mistreatment by Chinese officials, nor did Chen submit any medical records to corroborate that he had been injured, despite his testimony that he visited a doctor immediately after being released from jail. *See* 8 C.F.R. § 208.13; *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). Chen stated in his letter supporting his application that he fainted during the beating, but when questioned by the asylum officer about omitting that fact during the interview, Chen hesitated before confirming that he had fainted. Chen also told the asylum officer that he called his parents from jail on December 29, 2005, but Chen testified that he had not been allowed to contact his parents. Chen attributed his inconsistencies to memory loss caused by the passage of time, but that explanation does not "'compel' a reasonable fact finder" to credit Chen's testimony. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006).

Chen argues that the record compels the conclusion that he suffered past persecution and has a well-founded fear of future persecution, but we disagree. Even if we were to accept Chen's testimony as credible, evidence that he endured one beating without sustaining a serious injury, was detained for 26 days, and was interviewed by officials once shortly after his release does not rise to the level of past persecution. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005). Chen also failed to submit any evidence to establish that he faced a reasonable possibility of future persecution. *See Mejia v. U.S. Att'y Gen.*, 498 F.3d

4

1253, 1256 (11th Cir. 2007). Chen lived with his uncle in China for a year without incident before entering the United States illegally, and the country reports he submitted stated that the harassment of Christians was not consistent throughout China and that some local officials tacitly approved of or did not interfere with unregistered churches. Because Chen cannot satisfy the standard to obtain asylum relief, he necessarily fails to qualify under the more stringent standards imposed for withholding of removal and relief under the Convention. *See Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1292 (11th Cir. 2006).

Chen also challenges the denial of his motion to remand for the immigration judge to consider new evidence that explained his memory loss, but the Board did not abuse its discretion when it denied Chen's motion. Chen requested a remand based on a licensed mental health counselor's assessment that he suffered from major depressive disorder, adjustment disorder, and symptoms consistent with post-traumatic stress disorder. We treat motions to remand based on new evidence as motions to reopen, *Ali v. U.S. Att'y Gen.*, 643 F.3d 1324, 1329 (11th Cir. 2011), which "shall not be granted unless . . . [the] evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing," 8 C.F.R. § 1003.2(c)(1). The assessment attributed Chen's memory loss to his beating by Chinese officials in December 2005 and could have been diagnosed before Chen's removal hearing. And the Board reasonably

5

determined that the assessment did "not establish . . . the facts of a credible memory loss." Chen told the counselor that his detention prevented him from documenting the "significant bodily injuries" and "los[s] [of] consciousness" caused by the beating, but Chen testified that he underwent treatment on the day he was released from jail. The counselor stated that the diagnosis was "provisional" because Chen had attended "only . . . one session" of counseling during which he failed to disclose information "in sufficient detail to be sure of a diagnosis." Chen also failed to provide any evidence that he had received a definitive diagnosis or had continued to undergo counseling as recommended in the assessment.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

6