[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11894
Non-Argument Calendar

_____

Agency No. A200-004-487


MAYRA MARTINEZ CASCO,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 6, 2020)

Before GRANT, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

Mayra Martinez Casco seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for withholding of removal under the Immigration and Nationality Act ("INA"). The BIA found no clear error in the IJ's factual finding that Martinez Casco was not a member of her proposed social group -- women who are victims of domestic violence in Honduras and who are unable to leave -- but also sua sponte held that, based on new precedent, the proposed group is not cognizable under the INA. In her petition, Martinez Casco argues that: (1) the BIA acted ultra vires in holding in the first instance that her proposed social group is not cognizable, without remanding to the IJ, because the BIA is limited to reviewing the IJ's findings on appeal and may not conduct removal proceedings, determine an alien's removability, or make its own findings of fact; and (2) her group is cognizable and the record compels a finding that she is a member of it. After careful review, we deny the petition.

We review only the BIA's decision as the final agency decision, unless it expressly adopted the IJ's opinion or agreed with the IJ's reasoning. Perez Zenteno v. U.S. Att'y Gen., 913 F.3d 1301, 1306 (11th Cir. 2019). If the BIA adopted or agreed with the reasoning of the IJ's decision, we review both decisions. Id.

When considering petitions for review of BIA decisions, we review factual determinations under the substantial evidence test. Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016). Under that test, we "view the record evidence in the

light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1230 (11th Cir. 2007) (quotations omitted). We must affirm the BIA's decision if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotations omitted). The record must compel a contrary conclusion to warrant reversal. Id. The mere fact that the record may support a different conclusion is not sufficient to justify a reversal of administrative findings. Id. We review legal issues de novo, and "[w]hether an asserted group qualifies as a 'particular social group' under the INA is a question of law." Gonzalez, 820 F.3d at 403. The BIA's refusal to remand a case to the IJ is reviewed for abuse of discretion. Ali v. U.S. Att'y Gen., 643 F.3d 1324, 1329 (11th Cir. 2011). The BIA abuses its discretion if it misapplies the law or does not follow its own procedures. Ferreira v. U.S. Att'y Gen., 714 F.3d 1240, 1243 (11th Cir. 2013).

The BIA may review questions of law, discretion, and judgment and all other non-factual issues in appeals from decisions of immigration judges de novo. 8 C.F.R. § 1003.1(d)(3)(ii). The BIA is an appellate body and shall decide cases before it consistent with INA regulations; subject to these standards, BIA members shall exercise independent judgment in considering cases before them and "may take any action consistent with their authorities under the [INA] and the regulations as is appropriate and necessary for the disposition of the case." Id. § 1003.1(d)(1)(i)-(ii).

3

The BIA cannot engage in fact-finding, and if further fact-finding is needed, must remand to the IJ. Id. § 1003.1(d)(3)(iv).

Under the withholding-of-removal provision of the INA, an alien shall not be removed to a country if his life or freedom would be threatened in that country on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). The INA does not define "particular social group," but we've deferred to the BIA's three-step test to determine whether a particular group qualifies. Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1196 (11th Cir. 2006). Under step one of the BIA's test, the group's members must have a "common characteristic other than their risk of being persecuted," and that characteristic must be immutable or fundamental to a member's individual conscience or identity. Id. at 1193-94, 1196-97. "The risk of persecution alone does not create a particular social group within the meaning of the INA . . . ." Id. at 1198.

Second, a group must have sufficient social distinction. Id. at 1194, 1197-98. Social distinction requires a group to be socially distinct within the society in question, meaning it must be perceived as a group by society. Matter of W-G-R-, 26 I. & N. Dec. 208, 216 (BIA 2014). Whether a group is socially distinct is determined by the perception of the society as a whole. Matter of M-E-V-G-, 26 I. & N. Dec. 227, 242 (BIA 2014). Third, a group must be "defined with particularity," meaning it must "be discrete and have definable boundaries," and not be

4

"amorphous, overbroad, diffuse, or subjective." Gonzalez, 820 F.3d at 404 (quoting W-G-R-, 26 I. & N. Dec. at 214).

The agency has recently applied the phrase "particular social group" in the domestic-violence context. In Matter of A-R-C-G-, the BIA determined that the respondent, a domestic-violence victim, was a member of a particular social group of "married women in Guatemala who are unable to leave their relationship." 26 I. & N. Dec. 388, 388-90 (BIA 2014). Then, in Matter of A-B-, the Attorney General addressed whether "being a victim of private criminal activity constitutes a cognizable 'particular social group' for purposes of an application for asylum or withholding of removal." 27 I. & N. Dec. 316, 317 (BIA 2018). Changing course, the Attorney General overruled A-R-C-G- as wrongly decided on the ground that it was based on concessions by the Department of Homeland Security that the group was cognizable, and the BIA's analysis was cursory, lacked rigor and broke with precedent. Id. at 331–33. He noted that a particular social group must "'exist independently' of the harm asserted" by the applicant. Id. at 334 (emphasis added). A-R-C-G-, however, "never considered that 'married women in Guatemala who are unable to leave their relationship' was effectively defined to consist of women in Guatemala who are victims of domestic abuse because the inability 'to leave' was created by harm or threatened harm," and was not independent of it. Id. at 335.

5

Thereafter, in Amezcua-Preciado v. U.S. Attorney General, 943 F.3d 1337 (11th Cir. 2019), we held that we deferred to the interpretation of the term "particular social group" the Attorney General used in A-B-, and based on that interpretation, the BIA did not err in concluding that "women in Mexico who are unable to leave their domestic relationship" was not a cognizable social group. Id. at 1344. As we explained, Amezcua-Preciado's proposed group closely mirrored, and suffered from the same defects as, the proposed group in A-R-C-G- that the Attorney General found not cognizable. Id. at 1344-45. In other words, the proposed group was not socially distinct within Mexican society, was not defined with sufficient particularity, and was circularly defined with regard to the asserted persecution. Id.

In this case, we begin by holding that the BIA did not exceed its authority in deciding sua sponte that Martinez Casco's proposed social group was not cognizable, nor did it abuse its discretion by not remanding the case to the IJ. The case was properly before the BIA on appeal, and the cognizability issue is a legal question that did not require the BIA to make a factual finding. Gonzalez, 820 F.3d at 403. Indeed, in A-R-C-G- itself, the BIA appears to have reached particular social group cognizability in the first instance. 26 I. & N. Dec. at 392. Moreover, Martinez Casco's brief to the BIA acknowledged A-B- and its effect on her group's cognizability, but did not point to any facts distinguishing her group from those discussed in A-B-, and sought remand only on the mistaken belief that the

6

cognizability issue was a question of fact. On this record, the BIA's decision to deny Martinez Casco's request to remand was not an abuse of discretion.

Nor did the BIA err in finding that Martinez Casco's group was not cognizable. Nothing in the record indicates that Honduran society views "female domestic violence victims who are unable to leave" as a distinct group, as opposed to all domestic-violence victims, or all female domestic-violence victims. Castillo-Arias, 446 F.3d at 1196. In addition, the group is circularly defined by the risk of harm from domestic violence, so it cannot form a cognizable particular social group. Id. at 1198.

In any event, substantial evidence supports the finding that Martinez Casco was not a member of her proposed social group -- women living in Honduras who are victims of domestic violence in a relationship they cannot leave -- because the record does not compel a finding that Martinez Casco was unable to leave. Unlike in A-R-C-G-, where the respondent repeatedly sought police protection that was denied because the police refused to interfere in a marital relationship, Martinez Casco was not married to her ex-partner, she had successfully kicked him out of her home and changed the locks, and she was not denied police help because of her relationship status. 26 I. & N. Dec. at 393. Accordingly, we deny Martinez Casco's petition.

**PETITION DENIED.**