**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10139

Non-Argument Calendar

_____

INGRIS YAMILET RAMIREZ,

                                                                    *Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

                                                                    *Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A215-637-605

_____

Before JORDAN, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

An immigration judge denied Ingris Yamilet Ramirez's motion to reopen her deportation order.  The Board of Immigration

Appeals affirmed the denial.  Ramirez now petitions us to review the board's decision.  We deny the petition.

## I.

Ramirez, a citizen of Honduras, entered the United States without permission in 2018.  The Department of Homeland Security charged her with being removable, and, in April 2022, an immigration judge ordered Ramirez to submit written pleadings answering the charge.  In her written pleadings, Ramirez conceded that she was removable but said she would apply for withholding of removal.  The immigration judge found Ramirez removable and ordered her to file any application for relief by July 12, 2022.  By December, though, Ramirez still hadn't filed her application, so the immigration judge concluded that she had abandoned any claims for relief and ordered her removed to Honduras.

A month after the immigration judge entered the removal order—and seven months after the application deadline—Ramirez moved to reopen her removal proceedings so she could apply for asylum, withholding of removal, and relief under the Convention Against Torture.  She explained that she'd missed the application deadline because of a calendaring error by her attorney.

The immigration judge acknowledged that Ramirez's motion to reopen was timely but denied it for three reasons.  First, the motion wasn't based on previously unavailable evidence.  Second, any relief was abandoned because her application was not timely filed.  And third, the motion couldn't succeed on a theory of ineffective assistance of counsel because Ramirez hadn't complied with

25-10139                 Opinion of the Court                 3

the procedural requirements in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). The immigration judge also declined to exercise his discretion to reopen the case sua sponte because her attorney's failure to calendar the scheduling order was "insufficient to warrant" exceptional relief.

Ramirez appealed to the board, but it affirmed without an opinion. This petition followed.

## II.

We review for abuse of discretion the denial of a motion to reopen. *Ali v. U.S. Att'y Gen.*, 643 F.3d 1324, 1329 (11th Cir. 2011). When the board affirms an immigration judge's order without an opinion, we review the immigration judge's order as if it were the board's. *K.Y. v. U.S. Att'y Gen.*, 43 F.4th 1175, 1180 (11th Cir. 2022).

## III.

The immigration judge did not abuse his discretion in denying the motion to reopen.[1] As the immigration judge's order explained, Ramirez waived the right to file her application because she didn't file it within the time frame set by the immigration

---

[1] Although Ramirez likely waived review of the immigration judge's order because her argument is only three sentences long and ends by incorporating her motion to reopen, *see Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004) (holding that an appellant's arguments are "waived" and "not properly presented for review" where she "incorporate[es] by reference arguments made to [lower] courts"), in an abundance of caution, we address the merits of her petition.

4                    Opinion of the Court                    25-10139

judge. *See* 8 C.F.R. § 1003.31(h) ("The immigration judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived."). She did not identify any factual basis for her application that wasn't available before the deadline. *See id.* § 1003.23(b)(3) ("A motion to reopen will not be granted unless the immigration judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."). And Ramirez could not proceed under an ineffective-assistance-of-counsel theory because she didn't satisfy the procedural requirements to do so. *See Lozada*, 19 I. & N. Dec. at 639 (explaining procedural requirements for an ineffective-assistance-of-counsel claim in the immigration context); *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1225 (11th Cir. 2023) (explaining the board may require "substantial, if not exact compliance" with *Lozada*'s requirements).[2]

        **PETITION DENIED.**

---

[2] To the extent Ramirez asks us to review the immigration judge's decision not to exercise his discretion and reopen the proceedings sua sponte, we lack jurisdiction to do so. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008).