[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15645
Non-Argument Calendar

_____

Agency No. A088-049-268


JOSE FRANCISCO-JUAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 13, 2015)


Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jose Francisco-Juan petitions for review of the Board of Immigration Appeals' (BIA's) order dismissing his appeal of the Immigration Judge's (IJ's) denial of his motion to reopen removal proceedings.  The BIA found Francisco-Juan's motion to reopen was untimely and did not fall within any applicable exception to the statutory 90-day time limit.  Francisco-Juan asserts his motion is eligible for equitable tolling, however, as he presented an ineffective assistance of counsel claim.  Francisco-Juan also argues he was deprived of due process in his proceedings.  After review,[1] we deny his petition.

## I.  EQUITABLE TOLLING

Francisco-Juan does not argue his motion to reopen was timely, but asserts it was eligible for equitable tolling based on his ineffective assistance of counsel claim.  As to his ineffective assistance of counsel claim, Francisco-Juan contends the BIA abused its discretion in concluding he did not comply with the notice

---

[1]  Where the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopted the IJ's decision.  *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013).  Where the BIA adopts the IJ's reasoning and also makes its own observations, we review both decisions.  *Id.*

We review the denial of a motion to reopen for an abuse of discretion.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).  Motions to reopen are especially disfavored in removal proceedings, as "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States."  *Id.* (quotations omitted).  Factual determinations are reviewed for substantial evidence.  *See Ali v. U.S. Att'y Gen.*, 643 F.3d 1324, 1329 (11th Cir. 2011).  Under the substantial evidence test, we must affirm the IJ's and BIA's decisions if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc) (quotations omitted).  This Court may only reverse a factual finding when the record compels reversal.  *Id.*

requirement for ineffective assistance of counsel claims identified in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *overruled on other grounds by Matter of Compean*, 24 I. & N. Dec. 710 (BIA 2009).  He also asserts the BIA and the IJ abused their discretion in concluding he was not prejudiced by his former counsel's ineffective assistance.

An alien may file one motion to reopen within 90 days of the date on which a final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7).  The 90-day time limit is a non-jurisdictional claim-processing rule, and is therefore subject to equitable tolling.  *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1365 (11th Cir. 2013) (en banc).  Ineffective assistance of counsel may serve as both a basis for equitable tolling and the merits of a motion to reopen.  *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013).

Even assuming the BIA's conclusion that Francisco-Juan did not substantially comply with *Lozada* was an abuse of discretion, the BIA and the IJ did not abuse their discretion in denying Francisco-Juan's motion to reopen because substantial evidence supports their alternative finding that Francisco-Juan could not show the prejudice required to equitably toll his motion to reopen because he was not *prima facie* eligible for asylum, withholding of removal, or CAT relief.  *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2004) (an alien claiming ineffective assistance of counsel must show he was prejudiced

by counsel's deficient performance, meaning there is a reasonable probability that but for counsel's error, the outcome of the proceedings would have been different).

The record supports the BIA's and IJ's conclusions that Francisco-Juan was not eligible for asylum or withholding of removal because he had not shown that his rape was motivated by a desire to persecute him based on a protected ground. *See Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948-49 (11th Cir. 2010) (stating to establish a claim for asylum, an applicant must prove he was persecuted, or has a well-founded fear of future persecution, on account of his race, religion, nationality, membership in a particular social group, or political opinion); *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004) (stating an alien seeking withholding of removal under the Immigration and Nationality Act must demonstrate it is more likely than not that he will be persecuted or tortured upon his return to his home country on account of his race, religion, nationality, membership in a particular social group, or political opinion). Francisco-Juan's personal declaration indicated the rape was motivated by a desire to punish him for refusing to continue as a courier for the guerillas. Personal retribution alone does not constitute persecution based on a protected ground. *See Sanchez*, 392 F.3d at 438 ("It is not enough to show that [the alien] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerillas."). The record supports that

Francisco-Juan's rape was motivated by his refusal to cooperate with guerillas, which is not a protected ground.

Likewise, the BIA and the IJ did not abuse their discretion in concluding that Francisco-Juan was not *prima facie* eligible for relief under the United Nations Convention Against Torture (CAT). *See Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (stating to establish a claim for withholding of removal under the CAT, the alien has the burden of proving it is more likely than not that he will be tortured if removed to his home country). Francisco-Juan failed to show the Guatemalan government acquiesced or would acquiesce in his torture at the hands of the guerillas. *See* 8 C.F.R. § 208.18(a)(1) (explaining torture involves the intentional infliction of severe pain or suffering on a person for purposes such as punishment, intimidation, coercion, or discrimination, "when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"). There was no evidence in the record to suggest that public officials were aware one of the guerillas planned to rape Francisco-Juan in 1994, or that Francisco-Juan reported the rape after the fact and public officials refused to investigate. *See* 8 C.F.R. § 208.18(a)(7) (stating acquiescence of a public official requires the official be aware of the activity constituting torture prior to the activity being carried out and thereafter breach a legal responsibility to prevent such activity). Likewise,

5

although evidence in the record suggested the Guatemalan government is not completely effective in controlling criminal organizations like the Zetas gang, the government attempts to combat their activities. The record therefore supports the agency's finding the Guatemalan government does not acquiesce in the torture of its citizens. Accordingly, the BIA and the IJ did not abuse their discretion in concluding that Francisco-Juan could not show prejudice because he was not *prima facie* eligible for asylum, withholding of removal, or CAT relief.

## II.  DUE PROCESS

Francisco-Juan also argues the application of *Lozada* to a motion to reopen violates due process as it is not possible to provide evidence the allegedly ineffective attorney failed to respond in time to meet the deadline for filing a motion to reopen. This argument lacks merit because a motion to reopen is a purely discretionary form of relief, the denial of which does not amount to a deprivation of liberty. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (stating a motion to reopen is a purely discretionary form of relief, and therefore does not give rise to a constitutionally protected liberty interest). As such, the denial of a motion to reopen does not amount to a due process violation. *See id.*

Francisco-Juan also contends his counsel's ineffective assistance deprived him of due process. This argument fails because he has not shown substantial

prejudice.  As discussed above, Francisco-Juan has not shown the BIA and IJ erred in concluding he was not *prima facie* eligible for asylum, withholding of removal, or CAT relief.  He therefore cannot demonstrate that, had his claims been properly presented to the IJ, the outcome of the proceedings would have been different.  *See Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 534 (11th Cir. 2013) (stating in order to establish a due process violation in removal proceedings, a petition must show the purported errors caused him substantial prejudice, meaning the outcome of the proceeding would have been different).

Accordingly, we deny Francisco-Juan's petition for review.

**PETITION DENIED.**