[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14775
Non-Argument Calendar
_____

Agency No. A088-367-077

LURBIN LORENA GALINDO GUERRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 15, 2019)

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Lurbin Lorena Galindo Guerra (Galindo) petitions this Court for review of a Board of Immigration Appeals order affirming the denial of her application for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture.  Galindo first claims that the Board's order is void for lack of jurisdiction because the Notice to Appear served on her at the commencement of the immigration proceedings was defective.  In the alternative, Galindo argues that even if the agency had jurisdiction, the Board abused its discretion by denying her motion to remand so that she could amend her application to assert a new basis for relief.  We deny the petition.

## I.

Galindo, a native and citizen of Honduras, entered the United States in May 2014.  The same day, the Department of Homeland Security served her with a Notice to Appear charging her as subject to removal.  The Notice to Appear ordered Galindo to appear before an immigration judge in Miami, Florida on a date and time "to be set" to answer the charge of removability.  Several months later, Galindo received a notice specifying that her hearing had been scheduled for October 18, 2016, at 8:00 a.m., at the immigration court in Miami, Florida. Galindo appeared at the October 2016 hearing and was represented by counsel.

2

She conceded removability and stated that she intended to seek asylum or withholding of removal.

At subsequent hearings, Galindo applied for asylum and withholding of removal, stating that her domestic partner in Honduras regularly raped and beat her, prevented her from seeing her family, and threatened to kill her, all because she was a woman and a liberal. After hearing Galindo's testimony and considering evidence that she submitted in support of her application, the immigration judge found that she was not credible, denied her application, and ordered her removed to Honduras.

On appeal to the Board of Immigration Appeals, Galindo argued that under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the initial Notice to Appear served on her was defective because it failed to provide the date and time of her removal hearing. She contended that without a valid Notice to Appear, the immigration judge lacked jurisdiction to hear her case and the order of removal was invalid.

In the alternative, Galindo requested that the Board remand her case to the immigration judge for further proceedings in light of the Attorney General's decision in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), which had been issued after the immigration judge's ruling in her case. She asserted that the decision in *Matter of A-B-* made significant changes to asylum law as it related to claims of domestic violence as persecution, and that the immigration judge should

3

have an opportunity to reconsider her application under the new law. We review each claim in turn.

## II.

We must first consider whether we have jurisdiction to review Galindo's petition. *See Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006). We review our subject-matter jurisdiction de novo. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007).

Our jurisdiction to review immigration removal proceedings is limited to review of final orders of removal. 8 U.S.C. § 1252(b)(9); *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003). If the immigration judge lacked jurisdiction to issue the order of removal, then we also lack jurisdiction to review it. *See Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153 (11th Cir. 2019).

In *Perez-Sanchez*, however, we considered and rejected the argument that a defective Notice to Appear deprives the immigration judge of jurisdiction over removal proceedings. We explained that the time-and-place requirement in 8 U.S.C. § 1229(a) is a claim-processing rule, not a jurisdictional one. *See id.* at 1150, 1156. The immigration judge had jurisdiction under 8 U.S.C. § 1229a(a)(1) to conduct Galindo's removal proceedings, and a defect in the initiating document under § 1229(a) was insufficient to deprive the immigration judge of that authority. *See id.* at 1156. To the extent that Galindo argues that her removal proceedings

4

should be reopened and dismissed due to the government's failure to comply with § 1229(a)'s procedural requirements, she forfeited that argument by failing to make a timely objection to the defective Notice and instead appearing and arguing the merits of her claims before the immigration judge.  Claim-processing rules "assure relief to a party properly raising them, but do not compel the same result if the party forfeits them." *Eberhart v. United States*, 546 U.S. 12, 19 (2005).

III.

Next, we consider Galindo's argument that the Board of Immigration Appeals should have granted her motion to remand for further proceedings in light of *Matter of A-B-*.  We construe Galindo's motion to remand as a motion to reopen proceedings, the denial of which we review for an abuse of discretion.  *See Ali v. U.S. Att'y Gen.*, 643 F.3d 1324, 1329 (11th Cir. 2011).  This review is limited to determining whether the Board "exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam).  "The moving party bears a heavy burden, as motions to reopen are disfavored, especially in removal proceedings." *Id.* (internal citations omitted).

In her petition for review, Galindo contends that *Matter of A-B-* effectively eliminated asylum for domestic abuse victims.  She argues that the Board of Immigration Appeals should have granted her motion for remand to allow her to

5

amend her application and pursue a different basis for asylum. But Galindo did not proffer any new evidence to the Board or otherwise provide any new basis for relief from removal. Indeed, she did not even challenge the immigration judge's finding that she was not credible. An alien seeking to reopen removal proceedings must "present[] evidence of such a nature that the [BIA] is satisfied that if proceedings before the [IJ] were reopened, with all attendant delays, the new evidence offered would likely change the result in the case." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (per curiam) (alterations in the original) (quoting *In re Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)). Because Galindo made no showing that the outcome of her removal proceedings would be different if the Board granted her motion to remand, we cannot say that the Board's denial of her motion was arbitrary or capricious.

**PETITION DENIED.**

6