[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10467

Non-Argument Calendar

_____

FALI PEPOCHI,

                                                          Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A203-821-333

_____

Before JORDAN, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Fali Pepochi appeals the Board of Immigration Appeals' ("BIA") decision to uphold an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal based on an adverse-credibility determination. The IJ found several aspects of Pepochi's testimony and record evidence to be inconsistent, and found other parts of his testimony to not be believable, leading to the adverse-credibility finding, and also denied his applications on alternate grounds. The BIA agreed with the IJ's reasoning for the adverse-credibility finding and did not reach the merits of the IJ's alternative findings. After careful review, we deny the petition.

In petitions for review of BIA decisions, we review factual determinations under the substantial evidence test. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). Under this test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1230 (11th Cir. 2007). The mere fact that the record may support a different conclusion is insufficient to justify a reversal of administrative findings; instead, to warrant reversal, the record must compel a contrary conclusion. *Id.* The BIA is not required to specifically discuss each and every piece of evidence presented by the petitioner. *Point du Jour v. U.S. Att'y Gen.*, 960 F.3d 1348,

1351 (11th Cir. 2020). We review questions of law *de novo*, *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008), including claims that the agency failed to give reasoned consideration to an issue, *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018).

We only review the BIA's decision as the final agency decision unless it expressly adopted the IJ's opinion or agreed with the IJ's reasoning. *Perez Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). When the BIA adopts or agrees with IJ's reasoning, we review the decisions of both the BIA and the IJ. *Id.* We will not consider arguments raised for the first time on appeal. *Zhuang Ping Lin v. U.S. Att'y Gen.*, 555 F.3d 1310, 1316 n.5 (11th Cir. 2009).

An IJ is permitted, after considering the totality of the circumstances, to base a credibility finding on various factors, including: the consistency between the applicant's written and oral statements, whenever made and whether or not under oath; the internal consistency of each such statement; and the consistency of an applicant's statements with other record evidence -- without regard to whether an inconsistency or inaccuracy goes to the heart of the applicant's claim. 8 U.S.C. § 1158(b)(1)(B)(iii). Under the REAL ID Act, there is no presumption of credibility for an asylum applicant. *Id.* § 1158(b)(1)(B)(iii).

The trier of fact must determine credibility, and we may not substitute our judgment for that of the BIA with respect to credibility findings. *Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486,

493 (11th Cir. 2013).  While, a credibility determination may not be based on speculation and conjecture, an IJ has broad discretion to assess an applicant's credibility, and the IJ need only provide specific and cogent reasons supporting an adverse-credibility determination.  Id. at 493–94.  As little as one inconsistency and one omission may justify an adverse-credibility determination.  *Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240 (11th Cir. 2010).  Further, the IJ and BIA may consider inaccuracies and falsehoods in the applicant's evidence regardless of whether they go to the heart of their claim.  *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006).  Even a tenable explanation for inconsistencies does not compel reversal of an adverse-credibility determination.  *Id.*

Here, Pepochi sought asylum and withholding of removal based on alleged threats he received in Albania from socialist extremists due to his father-in-law's membership in the Democratic Party.  On appeal, Pepochi says that enough evidence exists to show that his claims are credible.  However, the IJ found multiple inconsistencies in support of the adverse-credibility determination -- all of which are supported by substantial evidence -- and as we've held, this is more than sufficient to justify an adverse-credibility determination.  *Xia*, 608 F.3d at 1240.

One inconsistency involved a discrepancy between an article presented by the government showing that Zyber Lita -- Pepochi's common-law father-in-law -- ran as a candidate for the Party for Justice, Integration, and Unity in Albania, and Pepochi's testimony, which claimed that Lita ran as a candidate for the

21-10467                Opinion of the Court                5

Democratic Party.[1]  There was another inconsistency concerning the date Pepochi started receiving threats -- at his credible fear interview, Pepochi claimed they began in 2013, while at the merits hearing, he testified they began in 2011.  Yet another inconsistency the IJ identified was between Lita's affidavit stating Pepochi was arrested in 2011, and Pepochi's testimony that his arrest was in 2013.  The IJ also observed that Pepochi presented a false passport to immigration authorities, but his application for asylum did not indicate that he had used a different name before.

Beyond these inconsistencies, the IJ cited several other specific reasons for the adverse-credibility finding.  *Xiu Ying Wu*, 712 F.3d at 493–94.  The IJ found that Pepochi's testimony about Socialist Party control over everything -- from the police to the civil registry system -- to be implausible since a Democratic Party member had held the Presidency until recently and was in office when Pepochi first received threats.  The IJ also found incredible Pepochi's claim that he had not applied for asylum in London because he had received threats there in 2019 for being the son-in-law and a political supporter of Lita.  The IJ noted that Pepochi had lived in London for four years without incident and provided little detail about the attackers and no evidence of the attack.  As for Pepochi's claim that his name was not on the birth certificate

---

[1] As for Pepochi's challenge on appeal to the IJ's consideration of this article, we do not consider arguments raised for the first time on appeal. *Zhuang Ping Lin*, 555 F.3d at 1316 n.5.

of Lita's grandson because he had feared entering the hospital in London during the birth, the IJ found this to be incredible too. According to the IJ, a document from the Albanian embassy explained that a father's name is not given when paternity is not recognized. Although Pepochi might have tried to offer explanations for each of these inconsistencies and other reasons for the finding, even tenable explanations are not enough to overcome an adverse-credibility finding, and the IJ found his explanations were not tenable. *Chen*, 463 F.3d at 1233.

Pepochi adds that the IJ failed to establish a sufficient basis for his ruling because he did not mention all other sources Pepochi provided with his application. However, the agency need not discuss each piece of evidence, and the IJ has broad discretion to make a credibility determination in the first instance, so the BIA did not err when it upheld the credibility determination. *Point du Jour*, 960 F.3d at 1351; *Xiu Ying Wu*, 712 F.3d at 493–94. Moreover, even if Pepochi's claims were reasonable, the mere fact that the record could support a different conclusion is not sufficient; rather, the record must *compel* a reversal of the agency decision. *Sanchez Jimenez*, 492 F.3d at 1230. Accordingly, substantial evidence supports the adverse-credibility finding, and we deny the petition for review.

**PETITION DENIED.**