[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11148

Non-Argument Calendar

_____

OSCAR GOMEZ-GARCIA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A075-787-988

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Oscar Gomez-Garcia, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' final order affirming the immigration judge's denial of his application for cancellation of removal under the Immigration & Nationality Act and denying his motion to remand. He argues that the Board abused its discretion by denying his remand motion because it applied an incorrect legal standard, engaged in impermissible factfinding, and failed to give reasoned consideration to his arguments and evidence. He also contends that the immigration judge and the Board violated his children's due process rights by creating a categorical rule requiring a presumption in favor of parents' wishes and imposing on children the burden of proving that their deportation from the United States was not in their best interest. Upon careful consideration, we deny Gomez-Garcia's petition.

## I. Background

On August 9, 2013, the Department of Homeland Security placed Gomez-Garcia into removal proceedings by filing a notice to appear. Gomez-Garcia admitted removability and filed an application for cancellation of removal as a defense. On October 16, 2017, he attended a hearing before an immigration judge where he and his daughter testified as to why he should not be removed.

Gomez-Garcia testified that his thirteen-year-old daughter, Giselle, had difficulties communicating with her teachers and classmates at school, that she had not been treated for these issues, and that they had been somewhat alleviated after he bought her a small dog. His daughter also had trouble sleeping, had been bullied at school, had grades that were "not that bad, but . . . not actually that good either," and had requested to be home schooled, although her father had declined the request. Neither of Gomez-Garcia's children had ever lived in Mexico, and neither knew anyone there. And while his daughter spoke some Spanish, his son spoke none. Despite these facts, Gomez-Garcia repeatedly stated that his family would follow him to Mexico if he was deported because no one else in the United States could support them and because he thought keeping the family together was important to their well-being.

Giselle testified that she was bullied at school, that this had caused her to get poor grades over the last year, that the bullying sometimes extended outside of school, and that she had never met any of her relatives in Mexico. She also testified that although she would follow her father to Mexico, she did not want to, fearing that she would be persecuted based on her American citizenship and perceived wealth. Giselle was unsure as to whether her father could protect her from these threats. Finally, she stated that she spoke "pretty good" Spanish and wanted to learn more, and that she would try speaking more Spanish and improving her grades if she ended up completing her education in Mexico.

On October 4, 2018, a different immigration judge issued a decision denying Gomez-Garcia's application. The decision found that although Gomez-Garcia had no disqualifying convictions and had established continuous physical presence and good moral character, he had failed to establish "that the hardships faced by [his] children reach[] the exceptional and extremely unusual level as outlined in the Board's precedents." Gomez-Garcia appealed to the Board and moved to remand the matter to the immigration judge for consideration of previously unavailable mental health evaluations of his children. The evaluations were based on interviews beginning on October 16, 2017, the day of Gomez-Garcia's hearing, and recommended that the children continue receiving medical treatment in Florida.

The Board adopted and affirmed the immigration judge's decision, concluding that he committed no clear error when analyzing the hardships to Gomez-Garcia's qualifying relatives that would result from his removal to Mexico. The Board also concluded that remand was unwarranted because Gomez-Garcia had failed to show that the proffered additional evidence was likely to change the result in his case. The Board based its conclusions on Gomez-Garcia's failure to show that options for mental health treatment were unavailable in Mexico, where it was undisputed that the family would follow if he was deported. Gomez-Garcia then petitioned this Court for review of the Board's decision.

## II. Standards of Review

We review the Board's decision as the final judgment unless it expressly adopted the immigration judge's decision. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). When the Board explicitly agrees with the findings of the immigration judge, we review both decisions. *Id.* at 948. We review Gomez-Garcia's constitutional due process claim and his allegation that the Board applied the wrong legal standard *de novo*, "giving deference to the Board's interpretation[] of the immigration laws and regulations . . . if it is reasonable . . . [and] rel[ies] on existing [Board] or federal court precedent." *Tovar v. U.S. Att'y Gen.*, 646 F.3d 1300, 1303 (11th Cir. 2011) (internal citations omitted). We generally review claims that the Board improperly denied a motion to remand, which we construe below as a motion to reopen, for abuse of discretion. *Point du Jour v. U.S. Att'y Gen.*, 960 F.3d 1348, 1349 (11th Cir. 2020).

## III. Discussion

### A.    *Gomez-Garcia's Application for Cancellation of Removal*

Gomez-Garcia first argues that the Board abused its discretion by dismissing his motion to remand to the immigration judge because it applied the incorrect legal standard, failed to give reasoned consideration to the evidence, and engaged in impermissible fact-finding. We disagree.

As a threshold matter, we have jurisdiction to review this aspect of Gomez-Garcia's argument. Although we lack jurisdiction

to review the denial of discretionary relief in immigration proceedings, this Court retains jurisdiction to review constitutional challenges and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D). And an argument that the Board applied an incorrect legal standard or failed to give reasoned consideration to an issue is a question of law. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). To assert a constitutional or legal claim sufficient to establish jurisdiction, a petitioner must allege a claim that is "colorable," meaning that it has "some possible validity." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 n.2 (11th Cir. 2007) (quoting *Mehilli v. Gonzales*, 433 F.3d 86, 93–94 (1st Cir. 2005)).

Although Gomez-Garcia makes a conclusory allegation that the Board applied the incorrect legal standard in evaluating his motion, the record does not support his argument. Courts generally analyze the substance of a motion to remand to determine how it should be treated on appeal. *Sow v. U.S. Att'y Gen.*, 949 F.3d 1312, 1317 (11th Cir. 2020). If such a motion seeks to introduce evidence that had not been previously presented, it is generally treated as a motion to reopen, the denial of which is reviewed for abuse of discretion. *Id.* In a motion to reopen, the petitioner bears a heavy burden and must present new evidence that would likely change the outcome of the case if proceedings before the immigration judge were reopened. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006). The Board may deny such a motion on any of three independent grounds: "failure to establish a prima facie case for the relief sought[;] failure to introduce previously unavailable, material

evidence[;] and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992).

Instead of showing that the Board applied an incorrect legal standard, the record shows that it considered Gomez-Garcia's failure to show "that [the evaluations] would likely change the result in his case" or offer any reasoning as to why the evaluations were not previously submitted. The Board found Gomez-Garcia's showing especially lacking in the light of the fact that his attorney told the immigration judge that Giselle was attending counseling during the October 16, 2017, hearing, which was also the same day that the children were first interviewed for purposes of producing the mental health evaluations. These are the exact standards that the Board should have applied to evaluate a motion to remand based on evidence not previously presented, which Gomez-Garcia admits his motion was. The Board's evaluation of Gomez-Garcia's motion on these grounds was not an error of law. *See Ali*, 443 F.3d at 813; *Doherty*, 502 U.S. at 323.

Gomez-Garcia's claims of impermissible fact-finding similarly fail. Although the Board may not engage in independent fact-finding during an appeal, we have recognized that evaluation of evidence in the first instance is necessary when analyzing a motion to remand or reopen based on evidence alleged to be new or previously unavailable. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *see also Ali*, 443 F.3d at 813 (explaining that the Board may deny a motion to reopen

if it is not satisfied that newly presented evidence would likely change the outcome of the case). The Board considered Gomez-Garcia's failure to explain why the evaluations were never presented to the immigration judge or show that the treatment recommendations contained in the mental health evaluations could not be complied with in Mexico. And the Board analyzed both failures in the context of Gomez-Garcia and Giselle's undisputed testimony before the immigration judge that the entire family would move to Mexico if necessary. Neither move was contrary to law.

Finally, Gomez-Garcia's claim that the Board failed to give reasoned consideration to his arguments and evidence is meritless. We have held that the Board need not specifically address each claim or each piece of evidence presented by the petitioner, but instead "must consider the issues raised and announce their decision in terms sufficient to enable a reviewing court to perceive that they have heard and thought and not merely reacted." *Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1332 (11th Cir. 2011) (quotation marks omitted). The Board fails to give reasoned consideration when it misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and do not respond to any arguments in the record. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375–77 (11th Cir. 2006).

Gomez-Garcia contends that the Board failed to give reasoned consideration to the mental health evaluations because it stated that their recommendation that "the family remain intact"

would be fulfilled even in the case of his deportation because "the family intends to travel to Mexico together." To be sure, Gomez-Garcia's potential deportation was an important factor in his family's decision to follow him to Mexico. But he still thought that keeping everyone together would be the best course of action for the family. Thus, the Board did not misstate the record or provide an unreasonable justification for its observation that deportation would not have prevented implementation of the recommended treatment for Gomez-Garcia's children. Instead, he failed to carry his "heavy burden" of proving that the mental health evaluations were likely to change the result in his case before a new immigration judge on remand. *See Ali*, 443 F.3d at 813; *Doherty*, 502 U.S. at 323.

The Board's decision did not apply an incorrect legal standard, make improper findings of fact, or fail to give reasoned consideration to Gomez-Garcia's arguments and evidence. As such, its denial of Gomez-Garcia's motion to remand was not contrary to law.

### B.    *Gomez-Garcia's Due Process Claim*

Gomez-Garcia also argues that the Board violated his children's due process rights "by decreeing a categorical rule that the INA invariably requires a presumption in favor of the parents' wishes" that "imposes on the children of deportable aliens the burden of proving that a compelling circumstance, unconscionable in

its effect, necessitates that they should not be removed." We disagree for several reasons.

First, the children were not parties to Gomez-Garcia's proceeding before the immigration judge or the Board. "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940). Although the record shows that Gomez-Garcia's children would have followed him to Mexico if he was deported, the Board compelled no such decision as a matter of law. The due process rights of the children were not implicated by proceedings to which they were not parties.

Second, Gomez-Garcia fails to identify where the immigration judge or the Board "decreed" the "categorical rule" that he asserts violated due process. "[A]n appellant's brief must include an argument containing 'appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quoting FED. R. APP. P. 28(a)(9)(A)). "Thus, an appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue." *Id.* Because Gomez-Garcia has failed to take even the first step required to argue the merits of his claim—showing us anywhere in the record the alleged pronouncement occurred—he has abandoned it.

Finally, we have held that "failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 548 (11th Cir. 2011). As cancellation of removal and a motion to remand to the immigration judge are both discretionary forms of relief, Gomez-Garcia cannot raise a colorable due process claim. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (explaining that the denial of a motion to reconsider and motion to reopen are discretionary decisions that cannot support a due process claim).

**PETITION DENIED.**