[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12531

Non-Argument Calendar

_____

PETER UZODINMA ABBAH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A061-213-337

_____

Before JILL PRYOR, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Peter Uzodinma Abbah seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying his motion to reopen his removal proceedings. There are two issues on appeal. First, Abbah argues that the BIA abused its discretion in declining to *sua sponte* reopen his removal proceedings. Second, he contends that the BIA abused its discretion in denying his motion to reopen his removal proceedings because he was entitled to equitable tolling based on: (1) ineffective assistance of counsel and (2) intervening authority. After careful review, we dismiss the petition in part and deny it in part.

## I.    BACKGROUND

Abbah, a native and citizen of Nigeria, entered the United States as a conditional resident in 2010. In 2018, he pled guilty to aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). A district court sentenced him to 24 months' imprisonment followed by one year of supervised release. It also ordered him to pay roughly $218,000 in restitution.

Abbah was served with a Notice to Appear that charged him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(M)(i), a law relating to an offense that involved fraud or deceit in which the loss to the victims exceeded $10,000. Abbah, through previous counsel, Nicole Kozycki, conceded removability.

In December 2018, the IJ found Abbah removable and ordered him removed to Nigeria. Abbah did not appeal this ruling to the BIA. In January 2019, Abbah began serving his custodial sentence in Philipsburg, Pennsylvania.[1]

In July 2020, Abbah, through successor counsel, Thomas Moseley, moved to reopen and terminate his removal proceedings. He filed a declaration[2] and memorandum in support of his motion, seeking *sua sponte* reopening or reopening based on equitable tolling.

First, Abbah requested that the IJ *sua sponte* reopen his removal proceedings because, applying the categorical approach and the reasoning in *Martin v. United States*, 949 F.3d 662 (11th Cir. 2020), his 2018 conviction for aggravated identity theft was not an aggravated felony.

Second, Abbah asserted that he was entitled to equitable tolling based on ineffective assistance of counsel or intervening authority, *Martin*. He asserted that Kozycki rendered ineffective

---

[1] According to the Federal Bureau of Prisons, Abbah was released in July 2020. *See* Federal Bureau of Prisons Inmate Locator, http://www.bop.gov/inmateloc.

[2] Abbah served the motion to reopen, including the declaration, on Kozycki. He maintained before the BIA that she failed to respond.

assistance of counsel[3] when she: (1) advised him that he would not have to serve his federal sentence if he consented to his removal and (2) failed to advise him that he had a possible defense to removal. He explained that Kozycki appeared to have made an "honest mistake" in advising him to consent to removal. A.R. at 263.[4] He added that he was not alleging that she committed any ethical violation, but that her advice prejudiced him.

Abbah stated that he did not learn that he would need to serve his full sentence before being removed until January 2019. He explained that, since that time, he was searching for an immigration lawyer in whom he could have confidence. He stated that it was difficult, however, to find counsel because of the COVID-19 pandemic and because he was incarcerated.

The IJ denied Abbah's motion to reopen. First, the IJ found that the motion was untimely. Second, the IJ concluded that Abbah failed to show that his case constituted an exceptional situation warranting *sua sponte* reopening. Third, the IJ determined that Abbah was not entitled to equitable tolling because Abbah failed to adequately explain why he could not take steps to pursue his rights

---

[3] A noncitizen may move to reopen his removal order based on ineffective assistance of counsel. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273 (11th Cir. 2005). We also have suggested that ineffective assistance of counsel may serve as a basis for equitable tolling. *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013).

[4] Citations to "A.R." refer to the administrative record.

diligently. The IJ found that Abbah had over a year to pursue his rights because his prison sentence commenced in January 2019 and the COVID-19 pandemic did not surface in the United States until February 2020. The IJ also concluded that Abbah could not maintain an ineffective-assistance-of-counsel claim because he had failed to meet all three procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).[5] The IJ also explained that Abbah misinterpreted *Martin*, and even if he had not, his charges were valid at the time of his last hearing, so he could not prove that Kozycki's advice prejudiced him.

Abbah appealed the IJ's decision to the BIA. In his brief on appeal, he explained, in relevant part, that he did not file a disciplinary complaint against Kozycki because there was no violation of ethical norms or legal responsibilities and because Kozycki did not contest his declaration supporting his motion to reopen after he served a copy on her.

The BIA upheld the IJ's order and dismissed Abbah's appeal. It first agreed with the IJ that Abbah's motion was untimely.

---

[5] To perfect an ineffective assistance of counsel claim, an individual must (1) provide an affidavit setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the individual in this regard; (2) provide the counsel whose integrity or competence is being impugned with notice of the allegations leveled against her and be given an opportunity to respond; and (3) note whether a complaint has been filed with the appropriate disciplinary authorities and if not, why not. *Lozada*, 19 I. & N. Dec. at 639, *overruled on other grounds by Matter of Compean*, 24 I. & N. Dec. 710, 710 (BIA 2009).

Second, it declined to exercise its *sua sponte* authority to reopen the proceedings. Third, it concluded that Abbah was not entitled to equitable tolling because he failed to establish that he pursued his rights diligently or that extraordinary circumstances stood in his way.

As to Abbah's ineffective-assistance-of-counsel claim, the BIA concluded that he failed to comply with *Lozada*'s procedural requirements. Specifically, he did not submit evidence that a disciplinary complaint had been filed against Kozycki. The BIA determined that his explanation for failing to do so undermined the merits of his claim and did not provide an adequate excuse for failing to meet the *Lozada* requirements. It concluded that Abbah failed to otherwise show that equitable tolling was warranted based on ineffective assistance of counsel. The BIA explained that Kozycki's advice was "in the realm of a tactical decision," A.R. at 4, which cannot support an ineffective-assistance-of-counsel claim. It also determined that Abbah failed to assert what steps he took to diligently pursue his rights during the time between discovering Kozycki's ineffective assistance in January 2019 and our *Martin* decision in February 2020.

As to Abbah's claim based on *Martin*, the BIA concluded that he was "not entitled to equitable tolling based on intervening authority." *Id.* at 5. It explained that, in *Martin*, our Court did not determine whether the petitioner's conviction for identity theft constituted an aggravated felony, so it did not represent a significant or fundamental change in law.

21-12531                Opinion of the Court                7

Abbah now petitions this Court for review.

## II.    DISCUSSION

We first examine whether we have jurisdiction over Abbah's challenges to the BIA's refusal to: (1) *sua sponte* reopen his proceedings and (2) reopen his proceedings based on equitable tolling. Second, because we conclude that we only have jurisdiction over the latter challenge, we review whether the BIA abused its discretion in determining that Abbah was not entitled to equitable tolling based on ineffective assistance of counsel and intervening authority.

## A.    Jurisdiction

We must review our own subject-matter jurisdiction *sua sponte* wherever it may be lacking. *See Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). We review questions concerning our own jurisdiction *de novo. Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).

### 1.    *Sua Sponte* Reopening

Abbah argues that the BIA erred in declining to *sua sponte* reopen his proceedings because *Martin* represented a fundamental

change in the law or intervening authority affecting his removability.[6]

We lack jurisdiction to review legal claims related to the BIA's denial of a motion to reopen proceedings *sua sponte*. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285–86 (11th Cir. 2016). But we have expressly left open whether we may exercise jurisdiction over constitutional claims related to the BIA's decision on a motion for *sua sponte* reopening. *Id.* at 1285 n.6. Here, Abbah makes no constitutional argument, so we lack jurisdiction to review the BIA's refusal to *sua sponte* reopen his removal proceedings. *See id.* We therefore dismiss Abbah's petition in this respect.

2.        Statutory Reopening via Equitable Tolling

We ordinarily have jurisdiction to review the BIA's decision to deny a motion to reopen. *See Mata v. Lynch*, 576 U.S. 143, 148 (2015) (explaining that a court's jurisdiction to review the BIA's denial of a motion to reopen remains unchanged if the BIA also states that it will not exercise its separate *sua sponte* authority to reopen the case). We generally lack jurisdiction, however, to review any final order of removal where a noncitizen was found to be

---

[6] Abbah also asserts that his underlying removal charge is meritless because his conviction for aggravated identity theft does not categorically constitute an aggravated felony. Because the BIA did not reach the merits of Abbah's underlying removal charge, we cannot consider the merits of his challenge. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (noting that this Court does not consider issues that were not reached by the BIA).

removable for having committed an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C); *see Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1289 (11th Cir. 2014). Only "constitutional claims or questions of law" are excepted from this jurisdictional bar. *See* 8 U.S.C. § 1252(a)(2)(D). The Supreme Court recently has held that the statutory phrase "questions of law" includes the "application of a legal standard to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020). In *Guerrero-Lasprilla*, the Court held that the application of the due-diligence standard for equitable tolling to undisputed facts is such a question of law. *See id.*

The parties are essentially in agreement about the facts surrounding the prior proceedings and Abbah's efforts to pursue certain claims within those proceedings. Because the application of the equitable tolling standard to these facts is a legal question, we have jurisdiction over Abbah's appeal despite the aggravated-felony bar.

## B.    Equitable Tolling

Having concluded that we have jurisdiction to review the application of the equitable-tolling standard to Abbah's case, we turn to whether the BIA abused its discretion in determining that Abbah was not entitled to equitable tolling based on ineffective assistance of counsel and intervening authority.

When the BIA issues a decision in a case arising under the Immigration and Nationality Act, "we review only that decision, except to the extent the BIA expressly adopts the IJ's decision." *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). We

review the BIA's decision on a motion to reopen a removal proceeding for an abuse of discretion. *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008). "This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). The petitioner bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in the context of removal proceedings are disfavored. *Id.*

A motion to reopen proceedings ordinarily must be filed within 90 days of the date of a removal order, state the new facts that will be proven at a hearing to be held if the motion is granted, and be supported by affidavits or other evidentiary material. 8 U.S.C. § 1229a(c)(7)(A), (B), (C)(i). Abbah moved to reopen his proceedings over one year after that deadline had passed. But the 90-day requirement is non-jurisdictional and is subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1365 (11th Cir. 2013) (en banc). To be entitled to equitable tolling, a litigant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1363 n.5 (internal quotation marks omitted). The diligence required for equitable tolling purposes is "reasonable diligence," not maximum feasible diligence. *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal quotation marks omitted).

### 1.    Ineffective Assistance of Counsel

Abbah argues that he was entitled to equitable tolling based on Kozycki's ineffective assistance. He contends that his

imprisonment and the COVID-19 pandemic impeded his access to hire counsel to timely move to reopen. He asserts that he substantially complied with the procedural requirements under *Lozada*, which he argues is all that is required under *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005). He reiterates that he did not file a disciplinary complaint because he did not think such action was necessary. He also contends that Kozycki's advice was not a tactical decision.

For Abbah to be entitled to equitable tolling based on ineffective assistance of counsel, he must show prejudice and compliance with the procedural requirements of *Lozada*. *See Dakane*, 399 F.3d at 1274.

Here, the BIA did not abuse its discretion in concluding that Abbah was not entitled to equitable tolling based on ineffective assistance of counsel. *See id.* The BIA found that Abbah failed to perfect the *Lozada* requirements because Abbah did not submit evidence that a disciplinary complaint had been filed against his prior attorney. Although he explained that he did not do so because he did not think a disciplinary complaint was necessary, the BIA found that Abbah's explanation was insufficient and undermined his claim for ineffective assistance of counsel. Abbah fails to provide support for his argument,[7] or otherwise show, that the BIA's rejection of his explanation for failing to file a disciplinary complaint was

---

[7] Abbah cites out-of-circuit cases to support his argument that a disciplinary complaint was unnecessary, which do not bind us.

arbitrary or capricious. *See Zhang*, 572 F.3d at 1319. Thus, Abbah failed to meet the requirements for equitable tolling based on alleged ineffective assistance of counsel.

Abbah contends that only substantial compliance with the *Lozada* requirements is required, and we have suggested (but never held) as much. *See Point du Jour v. U.S. Att'y Gen.*, 960 F.3d 1348, 1350 (11th Cir. 2020). We need not reach the substantial-compliance issue today, however, because Abbah's compliance was neither substantial nor exact. He failed to meet one of the three requirements under *Lozada. See id.* at 1349–50 (explaining that the petitioner neither substantially nor exactly complied with the requirements under *Lozada* where he failed to meet one of the three requirements).

Finally, even if Abbah had complied with *Lozada*'s requirements, he failed to sufficiently explain what steps he took to diligently pursue his rights from the time he discovered Kozycki's ineffective assistance in January 2019 to the time he moved to reopen his proceedings in July 2020. *See Avila-Santoyo*, 713 F.3d at 1363 n.5.; *see also Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) (explaining that reasonable diligence does not require exhausting every imaginable option, but evidence of some reasonable efforts).

Thus, the BIA did not abuse its discretion in concluding that Abbah was not entitled to equitable tolling based on ineffective assistance of counsel.

2.      Intervening Authority

Abbah argues alternatively that he was entitled to equitable tolling because, under *Martin*, his conviction is not an aggravated felony.

Here, the BIA did not abuse its discretion in concluding that Abbah was not entitled to equitable tolling based on intervening authority. Contrary to Abbah's assertion, *Martin* did not hold that aggravated identity theft was not an aggravated felony—rather, it noted that whether aggravated identity theft constitutes an aggravated felony is an inquiry left to immigration proceedings and depends on the loss amount and the underlying factual circumstances. *See Martin*, 949 F.3d at 668. *Martin* therefore did not represent a change in law sufficient to constitute an extraordinary circumstance for purposes of equitable tolling. *See Avila-Santoyo*, 713 F.3d at 1363 n.5.

Thus, the BIA did not abuse its discretion in concluding that Abbah was not entitled to equitable tolling based on intervening authority. We deny Abbah's petition in this respect.

## III.    CONCLUSION

For the foregoing reasons, we dismiss Abbah's petition for review in part and deny it in part.

**PETITION DISMISSED in part and DENIED in part.**